UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL DAVIS,<br><br>                        Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>                        Defendant. | Case No.: 3:17-cv-00738-L-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION [Doc. 8] TO DISMISS** |

    Pending before the Court is Defendant Liberty Life Assurance Company of Boston's ("Defendant") motion to dismiss Plaintiff Laurel Davis' ("Plaintiff") first amended complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendant's motion.

//
//
//
//
//
//

1

## I. BACKGROUND

This case arises out of the denial of a long-term disability insurance policy. Plaintiff started working for the University of California, San Diego ("UCSD") in 1983. At that time, Plaintiff enrolled in a benefits package that included short term ("STD") and long term ("LTD") disability insurance plans. Defendant is the administrator of both disability insurance plans.

On January 18, 2010, Plaintiff sustained serious knee injuries from a slip and fall at work. Because of her injury, Plaintiff has had to undergo multiple surgeries and has been unable to return to work. In June of 2011, Plaintiff filed a claim for benefits under the STD policy. Defendant accepted Plaintiff's STD claim and paid on the claim until it exhausted on July 29, 2012. Because her injuries persisted, Defendant converted Plaintiff's STD claim into a LTD claim on January 17, 2012. On June 26, 2012, Defendant sent Plaintiff a letter informing her that it had denied her LTD claim, but she had sixty days to submit a written request for a review of the decision. (Denial Letter [Doc. 7 Ex. 3].)

Plaintiff does not allege to have submitted a timely written request for review. Rather, Plaintiff alleges that she called Defendant on July 20, 2012, and informed an insurance adjuster that she was undergoing additional surgery in early November, 2012. Per Plaintiff, the insurance adjuster told her it was reevaluating her claim and that she should keep them appraised of her treatment.[1]

At some point prior to March 23, 2012, Plaintiff also submitted a claim for disability benefits under a separate plan ("the UCRP Plan") administered directly by the University of California. On August 27, 2012, the University of California accepted her

---

[1] The Court **DENIES** Defendant's Request for Judicial Notice of the insurance adjuster's note memorializing this conversation. The note is not a proper subject of judicial notice. It is not properly incorporated by reference because the First Amended Complaint makes no mention of the adjuster's note. Further, it directly contradicts Plaintiff's allegations and the accuracy of the note's contents is subject to reasonable dispute. Fed. R. Evid. 201. In any event, the Court's grant of Defendant's motion, without consideration of the note, renders this request for judicial notice moot.

claim for benefits under the UCRP Plan. The University of California ended up handing over administration of the UCRP Plan to Defendant. Defendant notified Plaintiff of this transition via letter dated October 2013 and asked Plaintiff to provide any medical information she had and execute an authorization for the release of medical records. Plaintiff obliged.

Plaintiff alleges she subsequently became confused about the status of her benefits and therefore called Defendant in September 2014. During the conversation, she asked "[w]hy did [Defendant] approve me for one claim [the UCRP plan] and yet deny [and continues to deny] me for the other claim [the LTD plan]." (FAC [Doc. 7] ¶ 27.) Defendant replied it was because the plans had different eligibility standards.

Plaintiff's confusion allegedly persisted for some time. In June of 2016, she claims to have requested all documents relating to her disability claims, but states Defendant never fully responded to this request. Eventually, on March 2, 2017, Plaintiff filed a complaint with the Superior Court of California, County of San Diego, alleging (1) breach of contract; (2) fraud; (3) breach of the implied covenant of good faith and fair dealing; and (4) violation of Cal. Bus. & Prof. Code § 12000 et seq. (Compl. [Doc. 1 Ex. A].) Defendant timely removed to this Court and moved to dismiss. (Rem Not. [Doc. 1]; First MTD [Doc. 2].) Plaintiff did not oppose Defendant's first motion to dismiss. Rather, Plaintiff mooted the first motion to dismiss when she filed a First Amended Complaint alleging the same four causes of action. (FAC [Doc. 7].) Defendant now moves to dismiss the First Amended Complaint. (MTD [Doc. 8].) Plaintiff opposes. (Opp'n.)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and

"construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### III. STATUTE OF LIMITATIONS

Defendant contends that all of Plaintiff's claims are barred by the statute of limitations. The statute of limitations clock starts to run when a cause of action accrues, meaning all the elements of the claim are present. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806–07 (2005). Breach of written contract claims carry a four-year statute of limitations. Cal. Code Civ. P. § 337. The elements of a breach of contract claim are (1) existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Construing as true Plaintiff's allegation that defendant's denial of LTD benefits constituted breach, it follows that her breach of contract claim accrued no later than June 26, 2012, the date Defendant sent Plaintiff the Denial Letter. The distance between accrual (June 2012) and filing (March 2017) is more than four years. Thus, Plaintiff's claim is time barred unless (1) the clock was tolled or (2) Defendant is equitably estopped from raising the statute of limitations as a defense.

Plaintiff contends that the clock should be tolled pursuant to the discovery rule. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 807. A plaintiff has reason to discover a cause of action if they "have reason to at least suspect that a type of wrongdoing has injured them." *Id.* Thus, the discovery rule can help Plaintiff only if she did not have reason to suspect her claim was denied until at least March 2, 2013–four years prior to filing.

Defendant sent Plaintiff a letter on June 26, 2012, stating in unequivocal terms that (1) her LTD claim was denied (2) Plaintiff would not receive benefit payments; (3) any review of this denial should be requested in writing within 60 days. (Denial Letter.) Notwithstanding, Plaintiff argues that she did not have reason to suspect claim denial until after March 2, 2013 because of the July 20, 2012 phone call she had with an insurance adjuster regarding her LTD plan and subsequent correspondence with Defendant regarding her UCRP plan.

Plaintiff's argument is unpersuasive. The UCRP Plan is separate and distinct from the LTD plan. Further, Defendant did not take over administration of the UCRP plan until over a year after Defendant notified her of its denial of the LTD claim. Plaintiff's belief that any correspondence with Defendant regarding the separate UCRP plan should be imputed to the LTD plan, which was denied more than a year before any such correspondence, is not reasonable. Furthermore, more than seven months passed between the July 20, 2012 phone call and March 2, 2013 (the date that marks four years prior to filing), and Plaintiff does not allege any correspondence with Defendant regarding her LTD plan occurred during this time. Seven months of silence and non-payment of benefits, coupled with a letter stating her claim was denied, should have given Plaintiff reason to suspect that Defendant may have denied her claim. The discovery rule therefore does not save Plaintiff's breach of contract cause of action.

Plaintiff next argues that, even if the clock on her breach of contract claim has ran, Defendant should be equitably estopped from asserting the statute of limitations as a

5

3:17-cv-00738-L-BGS

defense. "A defendant may be equitably estopped from asserting a statutory or contractual limitations period as a defense if the defendant's act or omission caused the plaintiff to refrain from filing a timely suit and the plaintiff's reliance on the defendant's conduct was reasonable." *Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal. App. 4th 175, 190 (2010). The defense can arise as a result of affirmative conduct or silence when there is a duty to speak. *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal. App. 4th 1260, 1268.

In support of her equitable estoppel theory, Plaintiff rehashes the same arguments discussed above regarding equitable tolling: that she did not realize her claim was denied because of the June 2012 phone call and subsequent correspondence with Defendant regarding a separate claim. This argument is unpersuasive for the same reasons discussed above. Additionally, it is worth noting Plaintiff admits that during a phone conversation that occurred on September 29, 2014 (within the staturoy limitations period), Defendant unequivocally told her that her LTD claim was still denied. (Opp'n 1:15–18.) Armed with this clear information, it was not reasonable for Plaintiff to wait until March 2, 2017 to file her claim.

Plaintiff also argues that Defendant should be equitably estopped from asserting the statute of limitations because it was silent in the face of a duty to speak. Plaintiff's argument relies primarily on two regulations promulgated by the California Department of Insurance. The first is 10 C.C.R. § 2695.4(a). In pertinent part, § 2695.4 provides that "[e]very insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." 10 C.C.R. § 2695.4(a). Because Defendant never disclosed the statute of limitations it now relies upon, Plaintiff argues it violated § 2695.4(a) and should be equitable estopped from asserting the statutory limitations period now.

Plaintiff's reliance on § 2695.4(a) is misplaced. This regulation creates a duty to disclose, at time of claim presentation, any *contractual* time provisions that an insurer

6

may assert. *Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal. App. 4th 175, 190 (2010). However, it does not create a duty to disclose any *statutory* limitations periods an insurer may assert. *Ray v. Prudential Ins. Co. of America*, 488 Fed. Appx. 234, 235 (9th Cir. 2012). Because defendant is asserting a statutory limitations defense rather than a contractual one, § 2695.4(a) does not apply.

The other regulation is 10 C.C.R. § 2695.7(f). In pertinent part, § 2695.7(f) provides that "[e]xcept where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim." Plaintiff argues that Defendant's failure to disclose the statute of limitations triggers this regulation and therefore estops Defendant from asserting the statute of limitations as a defense now.

Plaintiff's reliance on § 2695.7(f) is also misplaced. By its plain language, the regulation applies only to a statute of limitations upon which an insurer may rely *to deny a claim*. It does not apply to statutes of limitations an insurer may raise to defend against a later breach of contract claim arising out of the denial of a claim. *Monaco v. Liberty Life Assur. Co.*, 2008 WL 1766768 *3 (N.D. Cal. 2008). Because Defendant did not rely upon a statutory limitations period to deny Plaintiff's claim, § 2695.7(f) is inapplicable.

For the foregoing reasons, the Court finds Plaintiff's breach of contract claim barred by the statute of limitations. Because Plaintiff's breach of the implied covenant of good faith and fair dealing, fraud, and UCL claims are based on the same transaction (the denial of Plaintiff's LTD claim) and do not carry longer statutory limitations periods[2], they too are time barred.

---

[2] Claims for breach of the implied covenant of good faith and fair dealing carry a two year statute of limitations. *Richardson v. Allstate Ins. Co.*, 117 Cal. App. 3d 8, 13 (1981). UCL claims carry a four year statute of limitations. Cal. Bus. & Prof. Code § 17208. Fraud claims carry a three year statute of limitations. Cal. Code Civ. P. § 338(d).

## IV. FEDERAL RULE OF CIVIL PROCEDURE 9(b)

Defendant contends the Court should dismiss the fraud claim for lack of adequate particularity. Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted). Thus, to satisfy Rule 9(b), a plaintiff must state the requisite "who, what, when, where, and how" of the representation as well as an explanation of why the representation is false. *Id*.

The gist of the fraud claim is that Defendant lied to Plaintiff in 1983 when it told her that it provided long term disability insurance. Plaintiff does not explain who made this representation, where or how it was made, nor does Plaintiff explain with any clarity exactly why it is false. Plaintiff's fraud allegation therefore falls well short of the particularity required by Fed. R. Civ. P. 9(b).

## V. LEAVE TO AMEND

It seems unlikely that Plaintiff can overcome the statute of limitations defense through amendment. However, given the liberal amendment policy enshrined in Fed. R. Civ. P. 15(a) and given that this is the first order of dismissal the Court has issued, the Court will grant Plaintiff leave to amend. If Plaintiff chooses to file an amended complaint, she is advised to make her allegations with substantially greater clarity and particularity.

//
//
//
//
//

8

3:17-cv-00738-L-BGS

## IV. FEDERAL RULE OF CIVIL PROCEDURE 9(b)

Defendant contends the Court should dismiss the fraud claim for lack of adequate particularity. Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Fraud allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations and quotation marks omitted). Thus, to satisfy Rule 9(b), a plaintiff must state the requisite "who, what, when, where, and how" of the representation as well as an explanation of why the representation is false. *Id*.

The gist of the fraud claim is that Defendant lied to Plaintiff in 1983 when it told her that it provided long term disability insurance. Plaintiff does not explain who made this representation, where or how it was made, nor does Plaintiff explain with any clarity exactly why it is false. Plaintiff's fraud allegation therefore falls well short of the particularity required by Fed. R. Civ. P. 9(b).

## V. LEAVE TO AMEND

It seems unlikely that Plaintiff can overcome the statute of limitations defense through amendment. However, given the liberal amendment policy enshrined in Fed. R. Civ. P. 15(a) and given that this is the first order of dismissal the Court has issued, the Court will grant Plaintiff leave to amend. If Plaintiff chooses to file an amended complaint, she is advised to make her allegations with substantially greater clarity and particularity.

//
//
//
//
//

### VI. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** Defendant's motion to dismiss. If Plaintiff chooses to file an amended complaint, she must do so within twenty one days of the entry of this order.

**IT IS SO ORDERED.**

Dated: August 3, 2017

_____
Hon. M. James Lorenz
United States District Judge