UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREL DAVIS,<br><br>                              Plaintiff,<br>v.<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>                              Defendant. | Case No.: 3:17-cv-00738-L-BGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION [Doc. 19] TO DISMISS** |

      Pending before the Court is Defendant Liberty Life Assurance Company of Boston's ("Defendant") motion to dismiss Plaintiff Laurel Davis' ("Plaintiff") second amended complaint. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendant's motion.

//
//
//
//
//
//

1

## I. BACKGROUND

This case arises out of the denial of a long-term disability insurance policy. Plaintiff started working for the University of California, San Diego ("UCSD") in 1983. At that time, Plaintiff enrolled in a benefits package that included short term ("STD") and long term ("LTD") disability insurance plans. Defendant is the administrator of both disability insurance plans.

On January 18, 2010, Plaintiff sustained a serious knee injury from a slip and fall at work. Because of her injury, Plaintiff has had to undergo multiple surgeries and has been unable to return to work. In June of 2011, Plaintiff filed a claim for benefits under the STD policy. Defendant accepted Plaintiff's STD claim and paid on the claim until it exhausted on July 29, 2012. Because her injuries persisted, Defendant converted Plaintiff's STD claim into a LTD claim on January 17, 2012. On June 26, 2012, Defendant sent Plaintiff a letter informing her that it had denied her LTD claim. (Denial Letter [Doc. 18-1 Ex. 2].) The Denial Letter informed Plaintiff that she had sixty days to submit a written request for a review of the decision.

Plaintiff does not allege to have submitted a timely written request for review. Rather, Plaintiff alleges that she called Defendant on July 20, 2012, and informed an insurance adjuster that she was undergoing additional surgery in early November, 2012. Per Plaintiff, the insurance adjuster told her "that [Defendant] was reevaluating her claim for long-term benefits under [the LTD policy], would keep her informed, and would be in contact with her if it required additional information." (SAC [Doc. 18] ¶ 31.)

In February or March of 2012, Plaintiff also submitted a claim for disability benefits under a separate plan ("the UCRP Plan") administered directly by the University of California. On August 27, 2012, the University of California accepted her claim for benefits under the UCRP Plan. The University of California ended up handing over administration of the UCRP Plan to Defendant. On October 2013 Defendant sent Plaintiff a letter asking that she provide any medical information she had and execute an

authorization for the release of medical records. Plaintiff signed and returned the authorization.

Plaintiff alleges she subsequently became confused about the status of her benefits and therefore called Defendant on September 29 2014. During the conversation, she asked why she was approved for benefits under the UCRP policy but not the LTD policy. (SAC ¶ 40.) Defendant replied it was because the plans had different eligibility standards.

Plaintiff's confusion allegedly persisted for some time. In June of 2016, she claims to have requested all documents relating to her disability claims, but states Defendant never fully responded to this request. Eventually, on March 2, 2017, Plaintiff filed a complaint with the Superior Court of California, County of San Diego, alleging (1) breach of contract; (2) fraud; (3) breach of the implied covenant of good faith and fair dealing; and (4) violation of Cal. Bus. & Prof. Code § 12000 et seq. (Compl. [Doc. 1 Ex. A].) Defendant timely removed to this Court and moved to dismiss. (Rem Not. [Doc. 1]; First MTD [Doc. 2].) Plaintiff did not oppose Defendant's first motion to dismiss. Rather, Plaintiff mooted the first motion to dismiss when she filed a First Amended Complaint alleging the same four causes of action. (FAC [Doc. 7].) Defendant then filed a second motion to dismiss. (Second MTD [Doc. 8].) The Court granted Defendant's second motion to dismiss, finding Plaintiff's claims barred by the applicable statutes of limitations. (August 3, 2017 Order [Doc. 14].) Given the liberal amendment policy enshrined in Fed. R. Civ. P. 15(a), the Court granted Plaintiff leave to file a second amended complaint. (Id.) After Plaintiff filed her Second Amended Complaint, Defendant filed a third motion to dismiss. (Third MTD [Doc. 19].) Plaintiff opposes. (Opp'n [Doc. 20].)

//
//
//
//

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.2d 1575, 1580 (9th Cir. 1996).

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## III. STATUTE OF LIMITATIONS

Defendant contends that all of Plaintiff's claims are barred by the statute of limitations. The statute of limitations clock starts to run when a cause of action accrues, meaning all the elements of the claim are present. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806–07 (2005). Breach of written contract claims carry a four-year statute of limitations. Cal. Code Civ. P. § 337. The elements of a breach of contract claim are (1) existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages. *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Construing as true Plaintiff's allegation that defendant's denial of LTD benefits

constituted breach, it follows that her breach of contract claim accrued no later than June 26, 2012, the date Defendant sent Plaintiff the Denial Letter. The distance between accrual (June 2012) and filing (March 2017) is more than four years. Thus, Plaintiff's claim is time barred unless (1) the clock was tolled or (2) Defendant is equitably estopped from raising the statute of limitations as a defense.

Plaintiff contends that the clock should be tolled pursuant to the discovery rule. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox*, 35 Cal. 4th at 807. A plaintiff has reason to discover a cause of action if they "have reason to at least suspect that a type of wrongdoing has injured them." *Id.* Thus, the discovery rule can help Plaintiff only if she did not have reason to suspect her claim was denied until at least March 2, 2013–four years prior to filing.

Defendant never paid Plaintiff LTD benefits. Rather, Defendant sent Plaintiff a letter on June 26, 2012, stating in unequivocal terms that (1) her LTD claim was denied[1] (2) Plaintiff would not receive benefit payments; (3) any review of this denial should be requested in writing within 60 days. (Denial Letter.) Notwithstanding, Plaintiff argues that she did not have reason to suspect claim denial until after March 2, 2013 because of the July 20, 2012 phone call she had with an insurance adjuster regarding her LTD plan and subsequent correspondence with Defendant regarding her UCRP plan.

Plaintiff's argument is still unpersuasive. The UCRP Plan is separate and distinct from the LTD plan.[2] Any correspondence regarding the UCRP plan therefore has no

---

[1] Plaintiff argues that the June 26, 2012 denial letter was not an effective denial because it allegedly misrepresented the applicable standard for total disability. Plaintiff does not support this argument with any citation to authority or persuasive reasoning. The Court finds that an insurer legally denies a claim when it explicitly and unequivocally tells the insured that her claim is denied and then ceases payment of benefits. That the denial may have been wrongful does not change the fact that the claim was in fact denied.

[2] The Court notes that the LTD and UCRP policies had distinct policy numbers and all referenced communications regarding the UCRP policy displayed the UCRP specific policy number. (Doc. 18-1 Exs. 5, 6) (displaying policy number 4755600)

relevance as to the separate LTD plan. Nor is the July 20, 2012 phone call helpful to Plaintiff. Plaintiff does not allege that, during this call, Defendant stated it was reversing its decision to deny Plaintiff's LTD claim. Rather, Defendant merely indicated that it would revisit the issue. Furthermore, more than seven months passed between this conversation and March 2, 2013 (the date that marks four years prior to filing), and Plaintiff does not allege any correspondence with Defendant regarding her LTD plan occurred during this time. Seven months of silence, *coupled with a letter explicitly stating her claim was denied*, are clearly sufficient to put Plaintiff on inquiry notice that Defendant had denied her claim. The discovery rule therefore does not save Plaintiff's breach of contract cause of action.

Plaintiff next argues that, even if the clock on her breach of contract claim has ran, Defendant should be equitably estopped from asserting the statute of limitations as a defense. "A defendant may be equitably estopped from asserting a statutory or contractual limitations period as a defense if the defendant's act or omission caused the plaintiff to refrain from filing a timely suit and the plaintiff's reliance on the defendant's conduct was reasonable." *Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal. App. 4th 175, 190 (2010). The defense can arise as a result of affirmative conduct or silence when there is a duty to speak. *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal. App. 4th 1260, 1268 (1999).

In support of her equitable estoppel theory, Plaintiff rehashes the same arguments discussed above regarding tolling: that she did not realize her claim was denied because of the June 2012 phone call and subsequent correspondence with Defendant regarding a separate claim. This argument is unpersuasive for the same reasons discussed above. Additionally, it is worth noting Plaintiff admits that during a phone conversation that occurred on September 29, 2014 (within the statutory limitations period), Defendant unequivocally told her that she was approved for UCRP benefits but not approved (i.e. denied) for LTD benefits because the plans allegedly featured different criteria for

determining disability status. (SAC ¶ 40.) Armed with this clear information, it was not reasonable for Plaintiff to delay until March 2, 2017 to file her claim.

For the foregoing reasons, the Court finds Plaintiff's breach of contract claim[3] barred by the statute of limitations. Because Plaintiff's breach of the implied covenant of good faith and fair dealing, fraud[4], and UCL claims are based on the same transaction (the denial of Plaintiff's LTD claim) and do not carry longer statutory limitations periods[5], they too are time barred. Because Plaintiff has already amended her complaint twice and received guidance from the Court's previous order [Doc. 14] as to what successful amendment would require, this dismissal is with prejudice.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS WITH PREJUDICE** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 20, 2018

_____
Hon. M. James Lorenz
United States District Judge

---

[3] The Court notes that Plaintiff has abandoned her allegation that Defendant breached the UCRP policy. (Opp'n 8:22–24.)

[4] Plaintiff's fraud claim based on Defendant's representation that different eligibility criteria governed the LTD claim and the UCRP claim is not time barred. This fraud claim nevertheless fails because the statement is true. The policies do in fact provide different standards for eligibility. (Compare LTD Policy [Doc. 18-1 Ex. 1] § 2; UCRP Policy [Doc. 19-3 Ex. 1] § 5.19).

[5] Claims for breach of the implied covenant of good faith and fair dealing carry a two year statute of limitations. *Richardson v. Allstate Ins. Co.*, 117 Cal. App. 3d 8, 13 (1981). UCL claims carry a four year statute of limitations. Cal. Bus. & Prof. Code § 17208. Fraud claims carry a three year statute of limitations. Cal. Code Civ. P. § 338(d).